# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

    v.                           MAGISTRATE JUDGE'S DOCKET
                                  NO. 2010-PO-0407RBC

JOEL ROBERTS,
    Defendant.

## *MEMORANDUM AND ORDER*
## *RE: VIOLATION NOTICE 1905825*

COLLINGS, U.S.M.J.

    A seminal legal issue to be decided in this case is what is the speed limit which can be enforced by the National Park Service for persons driving on Ocean View Drive in Wellfleet, Massachusetts. Ocean View Drive is within the bounds of the Cape Cod National Seashore but is evidently owned by Barnstable County. (Tr. 38)  Both the federal government and the Commonwealth of Massachusetts ("the state") have concurrent jurisdiction

over lands within the Cape Cod National Seashore.[1]

The facts are that the defendant Joel Roberts, ("Roberts") was given a Violation Notice (#1905825) by a National Park Service Ranger which charged Roberts with speeding on Ocean View Drive on September 5, 2009. The Violation Notice charged a violation of 36 C.F.R. § 4.21(c)[2] which provides that "[o]perating a vehicle in excess of the speed limit is prohibited." The Violation Notice alleged that the operative speed limit on Ocean View Drive was 30 mph and that Roberts was traveling at 42 mph. It is undisputed that the 30 mph limit was not set by the Park Service but rather by the state or county

---

[1] The law passed by the Massachusetts legislature and signed by the Governor in 1984 provides, in pertinent part:

> SECTION 1. The commonwealth hereby cedes concurrent jurisdiction over those lands and buildings hereinafter provided and administered by the National Park Service of the United States Department of the Interior. The lands and buildings so included are as follows:
>
> * * *
>
> (d) Cape Cod National Seashore, in the towns of Chatham, Orleans, Eastham, Truro, Provincetown and Wellfleet, as described in a plan of land titled "Boundary Map, Cape Cod National Seashore", dated February, 1978.

1984 Mass. Acts 742.

It is noted that Congress has decreed that "concurrent jurisdiction" is the preferred arrangement in national parks. *See* 16 U.S.C. § 1a-3.

[2] The Ranger, at one point in the Notice, indicated that the violation was of 36 C.F.R. § 4.12(c). This was an obvious error since § 4.12 does not have a subpart (c). In that portion of the Violation Notice which is entitled "Statement of Probable Cause," the Ranger uses the correct citation, i.e., § 4.21(c). The mistake is of no consequence since the Violation Notice in all other respects informed Roberts of the charge against him in sufficient detail to enable him to prepare a defense.

authorities. (Tr. 38)  Roberts maintains that since Ocean View Drive is within the bounds of the Cape Cod National Seashore, the speed limit was 45 mph as set forth in 36 C.F.R. 4.21(a)(3) and that he was traveling within that limit.

There is no question but that the National Park Service can set speed limits on lands not owned by the federal government but which are within the confines of a national park.  Title 36 C.F.R. § 4.1 provides that the regulations contained in that "Part" of 36 C.F.R., denoted "Part 4, dealing with "Vehicles and Traffic Safety" "...apply, regardless of land ownership, on all roadways and parking areas within a park area that are open to public traffic and that are under the legislative jurisdiction of the United States."[3]

A reading of the regulations would indicate that Roberts is correct.  Title 36 C.F.R..§ 4.21(a)(3) provides that "[p]ark area speed limits are...45 miles per hour" with some exceptions not relevant here.[4]  The speed limit of 30 mph set by the state or county would apply, but only if no other provision is made in the federal regulations.  But other provision is made. Title 36 C.F.R. §4.2(a)

---

[3] Title 36 C.F.R. § 1.4(a) provides that "*legislative jurisdiction* means lands and waters under the exclusive or concurrent jurisdiction of the United States." (emphasis added)

[4] In school zones, campgrounds, picnic areas, parking areas, utility areas, business or residential areas, other places of public assemblage and at emergency scenes, the speed limit is 15 miles per hour, and on areas of the road under construction, the speed limit is 25 miles per hour. 36 C.F.R. 4.21(a)(b). However neither party claims that this stretch of Ocean View Road falls under any of these categories.

provides that:

> *Unless specifically addressed by regulations in this chapter,* traffic and the use of vehicles within a park area are governed by State law. State law that is now or may later be in effect is adopted and made a part of the regulations in this part.

Emphasis supplied.

Since speed on roads within the National Park Service *is* addressed by "regulations in this chapter," the speed limit set by the state or county would not be applicable to the extent that National Park Service Rangers are enforcing the federal regulations.

The Court realizes that this reasoning could lead to the conclusion that a Wellfleet Police Officer or a State Trooper could charge a person driving on Ocean View Drive with exceeding the 30 mph limit.  This would create the strange result that a driver on Ocean View Drive is subject to different speed limits depending on whether the charge is made by a Wellfleet Police Officer or State Trooper on the one hand or a National Park Service Ranger on the other.

This may be a problem endemic to areas where concurrent jurisdiction exists.  Thus, in the letter to then-Governor Dukakis dated March 5, 1985 accepting concurrent jurisdiction on behalf of the Park Service, the Acting

Director of the National Park Service wrote as follows:

> The term 'concurrent legislative jurisdiction' is intended as vesting in the Commonwealth and the United States all the rights accorded a sovereign with the broad qualifications that such authority is held concurrently over all matters, including but not limited to the enforcement of traffic or criminal laws over crimes and offenses committed within the ceded area, police powers and taxes. It is the parallel right of both the Commonwealth and the Federal Government to legislate with respect to park land and persons present or residing thereon, subject only to the United States and Massachusetts constitutional constraints, such as, but not limited to the supremacy clause of the Constitution and the prohibition of taxation of the property of one sovereign by another.

It would seem, therefore, that each sovereign would have the power to "legislate" which would mean that each would have the power to set separate speed limits on Ocean View Drive. Counsel have not briefed the effect of the Supremacy Clause,[5] but if applicable, it would only provide that the 45 mph federal speed limit would trump the 30 mph state speed limit on Ocean View Drive.

However, for present purposes, the Court need not decide whether the state or town authorities can enforce a 30 mph speed limit on Ocean View

---

[5] A question might be whether Congress, in enacting 16 U.S.C. § 3 which gave the Secretary of the Interior power to promulgate regulations regarding national parks, intended to supersede all state laws governing the same subject matter in parks which were subject to concurrent jurisdiction?

Drive when the National Park Service's speed limit is 45 mph. All the Court need determine is that the Park Rangers may not, in the circumstances, charge a person with a violation of 36 C.F.R. 4.21(c) for driving at a speed 45 mph or less on Ocean View Drive.

Thus, at least for purposes of prosecutions under the Code of Federal Regulations, it is not a violation of those regulations for a person operating a motor vehicle on Ocean View Drive to exceed the state or county speed limit of 30 mph. The person can be prosecuted under the Code of Federal Regulations for speeding on Ocean View Drive only if his speed exceeds 45 mph.

Title 36 C.F.R. § 4.21(b) grants the superintendent of the park the authority to:

> ...designate a different speed limit ["different" from the 45 mph limit] upon any park road when a speed limit set forth in paragraph (a) [of § 4.21] is determined to be unreasonable, unsafe or inconsistent with the purposes for which the park area was established.

Thus, the superintendent of the Cape Cod National Seashore could designate 30 mph as the speed limit on Ocean View Drive (as well as any other roads not owned by the federal government within the Seashore) if he found the 45 mph

limit on Ocean View Drive (or a similar road) to be "unreasonable" or "unsafe." However, the evidence at trial was that the superintendent has not made any such designation as to Ocean View Drive.

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

October 15, 2010.